# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*Specialized Transport & Rigging, LLC, v. National Union Fire Insurance Company of Pittsburgh, et al.*
Case No. 3:20-cv-00188-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Aspen Custom Trailers, Inc.'s ("Aspen") Motion for Attorney's Fees (the "Motion").[1] Aspen seeks attorney's fees pursuant to Federal Rule of Civil Procedure ("Federal Rule") 54 and Alaska Rule of Civil Procedure ("Alaska Rule") 82. Plaintiff Specialized Transport & Rigging, LLC ("Specialized") did not file a response.[2] For the reasons stated below, the Court **GRANTS** the Motion and **ORDERS** Specialized to pay Aspen $1,760.60 in attorney's fees.

In February 2022, the Court granted Aspen's Motion to Dismiss.[3] According to Aspen, "[o]ver the course of the litigation, Aspen incurred attorney's fees totaling $8,803."[4] Aspen asserts the amount is both "reasonable" and "necessarily incurred" to defend itself.[5]

Federal Rule 54 requires that "[a] claim for attorney's fees . . . be made by motion unless the substantive law requires [otherwise]."[6] The District of Alaska's Local Rules provide that a motion for attorney's fees must "(a) state the amount requested; (b) set forth the authority for the award, whether a federal statute, [Alaska Rule] 82, a contractual provision, or other grounds; and (c) be accompanied by a declaration or affidavit that includes: (1) the total number of hours worked and billing rate for each lawyer and paraprofessional; (2) the amount charged to the client, if any; and (3) itemized billing records." Where a federal court sits in diversity jurisdiction, the issue of

---

[1] Dkt. 45 (Motion).

[2] D. Alaska L. R. 7.1(h) ("The failure to respond to a non-dispositive motion as required by this rule subjects the motion to summary ruling by the court and may be deemed an admission that the motion is well taken.").

[3] Dkt. 44 (Order).

[4] Dkt. 46 at 2 (Memorandum in Support of Motion).

[5] *Id.*

[6] Fed. R. Civ. P. 54(d)(2)(A).

1

attorney's fees is governed by state law.[7] This is particularly true where, as here, the state law on attorney's fees "reflects a substantial policy of the state."[8]

Aspen seeks attorney's fees under Alaska Rule 82. Alaska law related to attorney's fees applies because Specialized asserted the Court had diversity jurisdiction to hear its claims.[9] Alaska Rule 82 provides that where a case resolves short of trial and the prevailing party recovers no money judgment, the prevailing party shall recover "20 percent of its actual attorney's fees which were necessarily incurred."[10] This fee award can be altered by the Court based on the consideration of enumerated factors.[11]

Here, Aspen is the prevailing party. "The prevailing party is the one who has successfully prosecuted or defended against the action, the one who is successful on the main issue of the action and in whose favor the decision or verdict is rendered and the judgment entered."[12] The Court granted Aspen's Motion to Dismiss and entered judgment for Aspen.[13]

Having carefully reviewed the invoices provided by Aspen, including the hours billed and the rates charged, the Court finds the attorney's fees sought are reasonable under Alaska law. Aspen hired three attorneys to defend itself in a products liability case. The attorneys billed a total of 29.2 hours and charged between $275 and $385 per hour to fully brief a successful motion to dismiss.[14]

Accordingly, the Court **ORDERS** Specialized to pay Aspen $1,760.60 in attorney's fees, to be paid within 30 days of the date of this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: June 3, 2022

---

[7] *Disability Law Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 941 (9th Cir. 2009).
[8] *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975). Alaska's approach to attorney's fees is indeed unique among the states, as "Alaska courts generally award partial attorney's fees to the prevailing party in a civil case." *State v. Native Vill. of Nunapitchuk*, 156 P.3d 389, 394 (Alaska 2007).
[9] *See* Dkt. 24 at 2 (Amended Complaint).
[10] Alaska R. Civ. P. 82(b)(2).
[11] Alaska R. Civ. P. 82(b)(3).
[12] *Schultz v. Wells Fargo Bank, N.A.*, 301 P.3d 1237, 1242 (Alaska 2013) (quoting *Taylor v. Moutrie–Pelham*, 246 P.3d 927, 929 (Alaska 2011)).
[13] Dkt. 44; *see also* Dkt. 47 (Judgment).
[14] *See* Dkt. 46-1 (Invoice).